IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
JOHNSTOWN DIVISION

| | | |
|---|---|---|
| ERASMO ZAVALA ALMANZA and SZH, | ) | |
| | ) | |
| Petitioners, | ) | 3:26-CV-00720-SLH |
| | ) | |
| vs. | ) | STEPHANIE L. HAINES |
| | ) | UNITED STATES DISTRICT JDUGE |
| LEONARD ODDO, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| | ) | |
| | ) | |

## ORDER

Now pending before the Court is Petitioners Erasmo Zavala Almanza ("Zavala Almanza") and SZH (collectively, "Petitioners") "Motion for Temporary Restraining Order" ("T.R.O."). (ECF No. 2). Zavala Almanza represents that he is currently detained at Moshannon Valley Processing Center ("MVPC") and has been court-appointed as guardian and primary caregiver of his infant U.S. citizen granddaughter, SZH. ECF No. 2, p. 2. Zavala Almanza alleges he is facing potential removal from this country and is not being afforded legal protections due him in light of his pending actively processing U-Visa petition, received January 8, 2026. ECF No. 2, p. 4. Petitioners therefore seek an injunction: (1) barring Respondents from removing Zavala Almanza from the United States, (2) barring Respondents from removing Zavala Almanza from the Western District of Pennsylvania during the pendency of this proceeding, and (3) maintain the status quo pending the request to habeas and injunctive relief. Respondents have yet to respond to Petitioners' requests.

1

Turning first to Petitioners' request for an injunction barring Zavala Almanza's removal from this country, based upon the facts alleged in their Supplement to Petition for Relief, the Court preliminarily finds that the requirements of Rule 65 have been met relative to that request. *Hope v. Warden York County Prison*, 972 F.3d 310, 319–20 (3d Cir. 2020) (*Hope II*) (setting forth the four factors for injunctive relief and noting that they apply to both TROs and Preliminary Injunctions). Therefore, in the interest of judicial efficiency and to preserve the status quo, the Court HEREBY ORDERS that Respondents not remove Zavala Amanza from the United States until further order of this Court.

With respect to Petitioners' request to enjoin transfer from the Western District of Pennsylvania pending the proceedings in this case, this Court lacks authority to grant that relief as the places of detention for aliens pending removal is left to the discretion of the Attorney General. Congress has "limited federal district courts' jurisdiction to review decisions or actions made pursuant to the sound discretion of DHS officials[.]" *Jane v. Rodriguez*, No. CV 20-5922 (ES), 2020 WL 10140953, at *1 (D.N.J. May 22, 2020). 8 U.S.C. § 1252(a)(1)(B)(ii) provides that "no court shall have jurisdiction to review any decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security...." And, in 8 U.S.C. § 1231(g)(1), Congress clearly set forth that: "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." In this way, § 1231(g)(1) establishes that:[T]he place of detention is left to the discretion of the Attorney General. *See* 8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal."); *GandarillasZambrana v. BIA*, 44 F.3d 1251, 1256 (4th Cir.1995) ("The INS

2

necessarily has the authority to determine the location of detention of an alien in deportation proceedings... and therefore, to transfer aliens from one detention center to another."); *RiosBerrios v. INS*, 776 F.2d 859, 863 (9th Cir.1985) ("We are not saying that the petitioner should not have been transported to Florida. That is within the province of the Attorney General to decide."); *Sasso v. Milhollan*, 735 F.Supp. 1045, 1046 (S.D.Fla.1990) (holding that the Attorney General has discretion over location of detention). *Sinclair v. Attorney General of U.S.*, 198 F. Appx 218, 222 n.3 (3d Cir. 2006). Here, Petitioner points to no authority upon which this Court may properly enjoin Respondents from transferring him to another facility. *See Calla-Collado v. Attorney General of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Congress has vested the Department of Homeland Security ("DHS") with authority to enforce the nation's immigration laws. Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings and therefore, to transfer aliens from one detention center to another.'") (quoting *Gandarillas-Zambrana v. Bd. Of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)). Therefore, because this Court lacks jurisdiction to enjoin Respondents from transferring Petitioner Zavala Almanza, it will DENY Petitioners' request for a T.R.O. as it applies to enjoining a transfer to another facility.

IT IS FURTHER ORDERED that Respondents shall file and serve a written response to Petitioners' filing at ECF No. 2 no later than **4:30 PM on April 27, 2026**. Aside from any other arguments Respondents wish to make, they shall specifically address:

A.    The status of Petitioner's immigration case;

B.    Under what statute Petitioner is being detained, specifically whether he is subject to a final order of removal under 8 U.S.C. Section 1231 or whether he is entitled to a bond redetermination hearing in accord with 8 U.S.C. Section 1226(a);

3

C.    The status of and impact of his "pending, actively-processing U-Visa petition"; and,

D.    Whether jurisdiction exists in this Court.

The Petitioners may, but are not required to, file and serve a Reply to any response submitted by Respondents by **4:30 PM on April 30, 2026**.  The Court will schedule a hearing on the relevant filings as necessary following receipt of Respondents' response.

IT IS FURTHER ORDERED that Petitioners shall place security in the nominal amount of $1.00 with the Court within seven (7) days of the date of this Order.  If presented as cash or check, the funds will be placed in the local Court Registry and will remain there until further order of court.

SO ORDERED and DATED this 20th day of April, 2025.

BY THE COURT:

STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE