IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ERASMO ZAVALA ALMANZA and )
S.Z.H., )
                            ) 3:26-CV-00720-SLH
           Petitioners, )
                            ) STEPHANIE L. HAINES
      vs. ) UNITED STATES DISTRICT JDUGE
                            )
LEONARD ODDO, *in his official capacity* )
*as Facility Administrator of the Moshannon* )
*Valley Processing Center, et al.*, )
                            )
          Respondents. )

## MEMORANDUM ORDER

### I.    Background

Now pending before the Court is Petitioners Erasmo Zavala Almanza ("Mr. Zavala Almanza") and S.Z.H. (collectively, "Petitioners") "Motion for Temporary Restraining Order" ("Motion for a T.R.O."). (ECF No. 4).

As the Court stated in its April 20, 2026, Order (ECF No. 8), Mr. Zavala Almanza represents that he is currently detained at Moshannon Valley Processing Center ("MVPC") and is the court-appointed guardian and primary care-giver of his infant U.S. citizen granddaughter, S.Z.H.  He asserts that he is not under an order of removal but, nonetheless, is facing potential removal from the United States.  He claims that he is not being affording legal protections due to him in light of his pending actively processing U-Visa petition, submitted January 8, 2026.  The outcome of the U-Visa remains pending.

As a result of the foregoing, on April 20, 2025, the Court entered a Temporary Restraining Order ("T.R.O.") barring Respondents from removing Mr. Zavala Amanza from the United States until further order of Court.  ECF No. 8, p. 2.  The Court set a briefing schedule to obtain a fully

1

developed docket of the issues in this case. Pursuant to the briefing schedule, Respondents filed their Response to Petitioners' Motion for a T.R.O. on April 27, 2026 (ECF No. 9). Petitioners filed their Reply on April 30, 2026 (ECF No. 10).

## II.    Discussion

In order to obtain a T.R.O., petitioners must show that: (1) "they are reasonably likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief." *Hope v. Warden York County Prison*, 972 F.3d 310, 319 (3d Cir. 2020). If these "two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [respondents] more than denying relief would harm the [petitioners] and (4) whether granting relief would serve the public interest." *Id.* at 319–20. Further, a T.R.O. expires "at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension. The reasons for an extension must be entered in the record." FED. R. CIV. P. 65(b)(2).

In this case, the Court entered its T.R.O. on Monday, April 20, 2026, at 4:09 P.M. The T.R.O. will therefore expire on Monday, May 4, 2026, at 4:09 P.M., unless the Court finds good cause to extend it for an additional fourteen days.

For multiple interrelated reasons, the Court finds that good cause exists to extend the T.R.O. to Monday, May 18, 2026, at 4:09 P.M. First, having reviewed the parties' submissions to date, the Court is satisfied that the four factors above support a continued T.R.O. barring Mr. Zavala Almanza's removal from the country at this time. Indeed, Petitioners have raised significant claims that *may* warrant relief via a preliminary injunction. Second, and relatedly, Petitioners' arguments, as well as Respondents' contentions in response, raise complicated legal issues. Therefore, if the Court issues a snap judgment, it may err in matters that are of significant import.

2

All of this counsels against hastily ruling on Petitioners' requests for relief. However, if the Court does not rule quickly on Petitioners' requests, and if the Court does not extend the T.R.O. until Monday the 18th, the Court runs a risk of potentially seeing individuals removed from the country without the benefit of legal protections due them.

Given all of the foregoing, the Court finds that good cause exists to extend the T.R.O. until May 18, 2026, at 4:09 P.M., which will enable the Court to hear oral argument from the parties regarding Petitioners' requests for injunctive relief, take additional briefing from the parties, and issue a decision that appropriately addresses and takes stock of the consequential legal and personal issues at stake in this matter.

Therefore, the Court enters the following Order:

## ORDER OF COURT

AND NOW, this 4th day of May, 2026, IT IS HEREBY ORDERED that the T.R.O. that the Court entered at ECF No. 8 is EXTENDED until Monday, May 18, 2026, at 4:09 P.M. FED. R. CIV. P. 65(b)(2). Accordingly, Respondents shall not remove Mr. Zavala Almanza from the country until that date and time, or until further order of this Court, whichever is earlier.

IT IS FURTHER ORDERED that counsel for Petitioners and Respondents shall appear before the Court for a Hearing on **Wednesday, May 13, 2026, at 3:00 P.M.** The Court will conduct this hearing via Zoom and will disseminate the Zoom information to counsel of record by email prior to the hearing.

IT IS FURTHER ORDERED that the Parties may submit additional briefing and/or relevant documents to support injunctive relief, if they wish. Such briefing shall not exceed twenty (20) pages, and is due to the Court on or before **Friday, May 8, 2026, at 4:30 P.M.**

3

IT IS FURTHER ORDERED that, during the Zoom Hearing before the Court, as well as in any additional briefs, they shall be prepared to address the following items to the Court:

1. The status of Mr. Zavala Almanza's immigration;.

2. The precise injunctive relief that Petitioners are presently seeking;

3. Whether Title 8, United States Code, Section 1252(g) bars this Court from affording Petitioners the relief that they seek;

4. Whether Mr. Zavala Almanza *is* detained pursuant to Title 8, United States Code, Section 1226 or Section 1231;

5. Whether Petitioners *should be* detained pursuant to Title 8, United States Code, Section 1226 or Section 1231;

6. The status and impact of Mr. Zavala Almanza's "pending and actively processing U-Visa petition"; and,

7. Any other matter that either party sees fit to address to the Court.

BY THE COURT:

_____
STEPHANIE L. HAINES
UNITED STATES DISTRICT JUDGE

4